## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LORI PATE,** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | )    **CIV-17-726-M** |
| | ) |
| | ) |
| **INTERMEDIX,** | ) |
| | ) |
|      **Defendant.** | ) |

## COMPLAINT

Plaintiff, Lori Pate, brings forth her Complaint against Defendant, Intermedix, and in support of the same, Plaintiff states as follows:

### I.    Jurisdiction and Venue

1.    This action arises under Title VII of the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e *et seq.* and the Americans with Disabilities Act codified at 42 U.S.C. §§ 12101 *et seq.*

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Venue of this Court is invoked pursuant to 28 U.S.C. §1391(b)(2). The unlawful employment practices alleged herein were committed in the Western District of Oklahoma.

### II.    Parties

3.    Plaintiff, Lori Pate, is a female citizen of the United States and is a resident of Guthrie, Logan County, Oklahoma, which is located in the Western District of Oklahoma. At the time of the unlawful discrimination, she was pregnant.

4.    The Defendant, Intermedix, is a Tennessee Corporation doing business in the State of Oklahoma.

5.      The Defendant, Intermedix, is an employer within the meaning of U.S.C. §2000(e), *et seq*., and is in an industry affecting commerce, and employs and has employed, at all times relevant to this Complaint the requisite number of people.

### III.    Facts

6.       On or about August 17, 2015, Plaintiff began working for the Defendant, Intermedix, as a medical coder.

7.      On or about March 3, 2016, Plaintiff informed her employer that she was pregnant and was having complications due to her pregnancy.

8.      On or around this same date, March 3, 2016, Plaintiff was admitted to the emergency room due to vaginal bleeding and complications with her pregnancy.

9.      On or about April 22, 2016, Plaintiff was at work and informed her supervisor, Kris Duncan, she needed to leave to go to the emergency room due to vaginal bleeding.

10.      On this same date, April 22, 2016, the emergency room physician informed the Plaintiff she needed to be on bedrest due to the high risk nature of her pregnancy. She was released, but, she ended up being re-admitted later that evening when the bleeding worsened and was admitted into observation. Plaintiff was released the next day, April 23, 2016.

11.      On or about April 23, 2016, Plaintiff called her employer and spoke with the receptionist, Jennifer, to inform her of what had transpired. Once Kris Duncan arrived at work, Plaintiff also spoke with Duncan and informed her employer that she had been put on bedrest due to complications with her pregnancy.

12.      The following Monday, on or about May 2, 2016, Plaintiff gave her supervisor a copy of her doctor's note stating she needed to be on bed rest for a week.

13.      Also on or about May 2, 2016, Plaintiff spoke with one of the leads in the coding

2

department, Bryan, about the possibility of Plaintiff working from home as soon as possible and discussed the nature and problems of her pregnancy. Plaintiff was aware that other employees in her department had been granted permission to work from home when necessary.

14.    Also on or about May 2, 2016, Defendant's H.R. Department, specifically Mary Farley, told Plaintiff she needed to go home immediately because she did not have a work release.

15.    On or about this same day, May 2, 2016, Defendant's H.R. department called and spoke with Plaintiff's physician and decided due to the nature of Plaintiff's pregnancy, would go ahead and take her off work at this time.

16.    On or about this same day, Defendant's H.R. department, specifically Mary Farley, also informed Plaintiff via telephone that Defendant was not going to excuse her absences from work from when Plaintiff had to leave work and go to the emergency room due to vaginal bleeding and was also put into observation and onto bed rest that week before.

17.    After this conversation, Plaintiff had her grandmother drive her to Defendant's building to try and discuss the unexcused absences issue with Mary Farley. Plaintiff was not allowed in the main body of the building and was not allowed to go to her desk to retrieve some of her belongings. However, her access badge still worked.

18.    While discussing with Mary Farley what she meant by Plaintiff's absences would not be excused, Mary Farley would not respond. Plaintiff asked Mary Farley if she was terminated, and Mary Farley stated something similar to "I wouldn't say fired."

19.    During this same week, Plaintiff discussed taking short term disability leave with Defendant and filled out her short term disability leave paperwork.

20.    On or about May 9, 2016, Plaintiff's short term disability leave was approved and Plaintiff

began her leave on May 9, 2016.

21.     Plaintiff received her short term disability up until on or about July 25, 2016.

22.     On that same date, Plaintiff received notice via a letter that her disability benefits had been

terminated.

23.     On or about that same day, Plaintiff emailed Mary Farley and stated that she received a

paper claiming her benefits had been terminated due to termination from her employer. She

then asked if she has been terminated and if so, on what date.

24.     Plaintiff sends multiple emails regarding whether she was terminated, however, she did not

receive confirmation to her email that she was in fact terminated until August 14, 2016,

approximately 20 days after her first email inquiring into her job status. On or about that

date, Mary Farley informed Plaintiff that she was terminated effective May 9, 2016. The

day her short term disability went into effect.

25.     Plaintiff inquired as to the reasons for her termination. She received no response.

26.     Plaintiff has timely filed a "Charge of Discrimination" with the United States Equal

Employment Opportunity Commission.

27.     Plaintiff received a "Notice of Right to Sue" letter on or about April 24, 2017.

28.     Plaintiff has exhausted her administrative remedies.

### IV.     Causes of Action

### CLAIM I

For Claim I of Plaintiff's Complaint against Defendant, Plaintiff adopts and incorporates

all previously pled paragraphs and further states:

29.     The aforementioned acts of Defendant constitute unlawful discrimination against the

Plaintiff on the basis of Plaintiff's sex, and additionally on the basis that Defendant

retaliated against Plaintiff due to her pregnancy and subsequently discharged her, all of

which are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et.*

*seq.,* specifically including the Pregnancy Discrimination Act in the nature of gender-based

and particularly pregnancy based discrimination and retaliation.

30.     The acts of Defendant were malicious, willful, wanton, or at the least in reckless disregard

        of Plaintiff's rights.

31.     Plaintiff was qualified to perform the duties of her position with Defendant.

32.     Plaintiff received different treatment than similarly situated non-pregnant employees.

33.     Plaintiff's status as a pregnant female with a high risk pregnancy was a motivating factor

        in Defendant's decision to terminate Plaintiff.

        WHEREFORE, Plaintiff prays for judgment against the Defendant for all available

equitable damages, including back pay and front pay, and all available compensatory damages,

including damages for emotional distress, mental pain and suffering, embarrassment, humiliation

(past and future), loss of future earning capacity, loss of enjoyment of life, inconvenience, and

punitive damages. Plaintiff also prays for prejudgment interest, an assessment of damages to

compensate for any tax consequences of this judgment, and a reasonable attorney's fee and the

interests and costs of this action to be taken against Defendant and an award of all other proper

relief deemed just and equitable by this Court.

## CLAIM II

        For her second claim, Plaintiff re-alleges and incorporates by reference the forgoing

paragraphs and states:

35.     That Plaintiff followed the proper procedures as an employee of Defendant in exercising

        her federally protected civil rights and applied for Short Term Disability Leave and was

granted that leave by Defendant.

36.     That as a direct result of taking this Leave, Defendant retaliated against Plaintiff by terminating her for exercising her rights to work in a workplace free of pregnancy discrimination, and to receive equal opportunities under the law.

WHEREFORE, Plaintiff prays for judgment against Defendant for all available equitable damages, including back pay and front pay, and all available compensatory damages, including damages for emotional distress, mental pain and suffering, embarrassment, humiliation (past and future), loss of future earning capacity, loss of enjoyment of life, inconvenience, and punitive damages. Plaintiff also prays for prejudgment interest, an assessment of damages to compensate for any tax consequences of this judgment, and a reasonable attorney's fee and the interests and costs of this action to be taken against the Defendant and an award of all other proper relief deemed just and equitable by the Court.

<u>CLAIM III</u>

For Plaintiff's third claim, she re-alleges and incorporates by reference the forgoing paragraphs and states:

37.     Plaintiff's pregnancy was a high risk pregnancy requiring bed rest and restrictions, and thus, would qualify as a disability as defined by the A.D.A., 42 U.S.C. §§ 12101 *et seq.*

38.     Defendant discharged Plaintiff on the basis of this disability in violation of 42 U.S.C. § 12112.

39.     Defendant offered her no reasonable accommodation or modification, like working from home, to allow her to perform the essential functions of her position.

WHEREFORE, Plaintiff prays for judgment against Defendant for all available equitable damages, including back pay and front pay, and all available compensatory damages, including

6

damages for emotional distress, mental pain and suffering, embarrassment, humiliation (past and future), loss of future earning capacity, loss of enjoyment of life, inconvenience, and punitive damages. Plaintiff also prays for prejudgment interest, an assessment of damages to compensate for any tax consequences of this judgment, and a reasonable attorney's fee and the interests and costs of this action to be taken against the Defendant and an award of all other proper relief deemed just and equitable by the Court.

Respectfully submitted by:

__s/ Riley M. Bisher_____
Riley M. Bisher, OBA#32734
Ryan Bisher Ryan
4323 NW 63rd St. Suite 110
Oklahoma City, OK  73116
(405)-528-4567
(405)-525-2123 Facsimile
riley@rbrlawfirm.com

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED